**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————

**No. 05-5063**

—————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TONY LEE EPPERSON,

Defendant - Appellant.

—————

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. Norman K. Moon, District Judge. (CR-05-10)

—————

Submitted: July 28, 2006          Decided: August 22, 2006

—————

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

—————

Affirmed by unpublished per curiam opinion.

—————

Frederick T. Heblich, Jr., FREDERICK T. HEBLICH, JR., PC, Charlottesville, Virginia, for Appellant. John L. Brownlee, United States Attorney, William F. Gould, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

—————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Tony Lee Epperson pled guilty to one count of making a false statement to a government official, in violation of 18 U.S.C. § 1001 (2000). Epperson was assigned an offense level of fourteen, criminal history category IV, and sentenced to thirty-three months' imprisonment. On appeal, Epperson contends his sentence is unreasonable as the district court improperly accepted the probation officer's recommendation to apply U.S. Sentencing Guidelines Manual § 2J1.3(a) (2004). We affirm.

When reviewing the district court's application of the Sentencing Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). A sentence is unreasonable if based on an error in construing or applying the Sentencing Guidelines. Id. at 456-57.

At sentencing, rather than merely accepting the recommendation of the probation officer, the district court deemed, and Epperson conceded, that the obstruction of justice enhancement authorized by USSG § 2J1.2 better reflected Epperson's conduct. However, even if the court had applied a perjury enhancement pursuant to § 2J1.3, Epperson could not establish harm as the guideline range remained unchanged.[*] Therefore, we conclude

_____

[*]The guideline provision for obstruction of justice, like that for perjury, has a base offense level of fourteen. See USSG §§ 2J1.2(a); 2J1.3(a). Likewise, both provisions provide for a

- 2 -

Epperson's thirty-three month sentence, which was within a properly calculated guidelines range, is reasonable.

Accordingly, we affirm Epperson's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

---

three-level increase for substantial interference with the administration of justice.  <u>See</u> USSG §§ 2J1.2(b)(2); 2J1.3(b)(2).